# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>PAUL SEIFERT,<br><br>   Defendant. | 2:11-cr-00388-KJD -CWH<br>2:11-cr-00386-GMN -GWF<br><br>**O R D E R** |

Before the court are defendant Paul Seifert's Motions[1] To Modify Conditions Of Pretrial Release. (#16 and #34). The government filed Oppositions (#17 and #35), and the defendant filed Replies (#21 and #38).

**Background**

Defendant Seifert was indicted in two separate cases before this court: *USA v. Hare, et al* (Case No. 2:11-cr-00388-KJD -CWH) for Conspiracy To Possess With Intent To Distribute A Controlled Substance and *USA v. Paul Seifert* (Case No. 2:11-cr-00386-GMN -GWF) for Sale Of A Firearm To A Prohibited Person and Distribution and Possession With Intent To Distribute A Controlled Substance.

On November 3, 2011, defendant Seifert appeared before this court for his initial appearance/arraignment & plea on all charges. (#8 and #23). Defendant Seifert plead not guilty to the charges against him, and was released on a Personal Recognizance Bond with special conditions. *Id.* Pursuant to section (8)(j) of both Orders Setting Conditions of Release, defendant Seifert was ordered to "avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: Hell[s] Angels [and] co-

---

[1] The defendant filed the same motion to modify conditions of release in both of the cases before this court. The government's opposition and the defendant's reply thereto are identical in both cases.

defendants unless with counsel." (#6 and #18). Defendant Seifert did not oppose this condition during his initial appearance/arraignment & plea.

**Argument**

In the present motion to modify conditions (#16 and #34), defendant Seifert asks this court to remove the condition forbidding contact with members of the Hells Angels Motorcycle Club (hereinafter "Hells Angels"). Defendant Seifert argues that since the charges against him do not involve his association with the Hells Angels or allegations relating to the Hells Angels, there is "no basis for imposition of the non-association clause." (#16 and #34). Defendant asserts that his supervising United States Pretrial Officer Jamie Stroup has "no objection to this condition being removed," and has advised counsel that the defendant has been complying with his conditions of release. *Id.*

In the government's opposition, it restates the allegations against defendant Seifert, and argues that the non-association clause is "reasonably necessary to assure the safety of the community" and the appearance of the defendant. (#17 and #35). In support of this, the government contends that the defendant allegedly committed the crimes charged in the indictments at the Hells Angel clubhouse with ex-members of the Hells Angels. *Id*. The government further asserts that since the Hells Angels is an international organization, the defendant "has a preexisting worldwide support system if he chooses to flee from prosecution." *Id.* In the defendant's reply (#21 and #38), he argues that the fact that his co-defendants *were* members of the Hells Angels does not support a non-association clause, and that *if* he were to flee, thus violating his conditions of release, violating the non-association clause would not be a concern of his.

**Discussion**

Pursuant to the Bail Reform Act, the release of a person facing trial must be under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(c)(1)(B). The Supreme Court has held that "the Government's proposed conditions of release or detention [must] not be "excessive"

in light of the perceived evil." *U.S. v. Salerno,* 481 U.S. 739, 754, 107 S.Ct. 2095 (1987). In determining if the proposed conditions are the "least restrictive," the court compares the conditions against the interests the government seeks to protect by means of the proposed condition. *Id.* If at anytime the court finds it necessary, it may amend the release order. 18 U.S.C. § 3142(c)(2). Here, the court finds that amending both release orders by ordering the changes requested by defendant Seifert would result in the least restrictive combination of conditions, while still protecting the interests the government and the court seek to protect. See *Salerno,* 481 U.S. at 754.

As amended, defendant Seifert's new pretrial conditions would still forbid him from coming in contact with "any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to..." his co-defendants unless with counsel. (#6 and #18). Any member of the Hells Angels who allegedly participated in or witnessed the crimes, whether named as a defendant or not, would fall into this category. Thus, the condition, absent any mention of the Hells Angels, would adequately address the government and the court's concern with protecting witnesses and victims and forbidding contact with co-defendants.

The court is unpersuaded by the government's arguments relating to the safety of the community and the appearance of the defendant. The court agrees with defendant Seifert that permitting contact with members of the Hells Angels would not increase the likelihood that defendant would flee. Thus, the court hereby modifies defendant Seifert's conditions of pretrial release by deleting the words "Hells Angels" from section (8)(j) of both orders setting conditions of release (#6 and #18). 18 U.S.C. § 3142(c)(2) (permitting the amending of release orders "to impose additional or different conditions of release.")

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Paul Seifert's Motions To Modify Conditions Of Pretrial Release (#16 and #34) are GRANTED.

IT IS THEREFORE ORDERED that both Orders Setting Conditions of Release (#6 and #18)

are hereby modified as to delete the words "Hells Angels," so that the amended section 8(j) reads as follows: "The defendant must avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: co-defendants unless with counsel."

DATED this 4th day of January, 2012.

*[signature]*

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**